**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000507**
**22-FEB-2023**
**07:51 AM**
**Dkt. 32 SO**

NO. CAAP-18-0000507

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROBERT C. PANG, Plaintiff-Appellant,
v.
CAESAR SMITH, JR., Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE No. 1RC171005017)

## SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Plaintiff-Appellant Robert C. **Pang** appeals from the **"Judgment re: Counterclaim"** in favor of Defendant-Appellee Caesar **Smith**, Jr. entered by the District Court of the First Circuit, Honolulu Division, on May 23, 2018.[1] For the reasons explained below, we affirm.

On July 27, 2017, Pang filed a complaint against Smith for breach of a rental agreement. The district court minutes show that a self-represented Smith entered a general denial on August 14, 2017, and was given leave to file a counterclaim by August 31, 2017. A pretrial conference was held on January 29, 2018.

Smith did not file a counterclaim or appear at the pretrial conference. At the pretrial conference, Pang

---

[1] The Honorable Maura M. Okamoto presided.

represented that Smith had moved out.  The district court deemed no writ of possession was necessary and told Pang to file a non-hearing motion for damages.

On January 29, 2018, Smith filed a motion to set aside his default.  A hearing was set for February 12, 2018.  Smith did not appear for the hearing.  The district court denied Smith's motion.

On February 13, 2018, Pang filed a "Non-hearing Motion for Default Judgment."  The motion was granted and a default judgment was entered the same day.[2]  Pang moved for issuance of garnishee summons to First Hawaiian Bank.  First Hawaiian Bank's disclosure was filed on March 8, 2018.  A garnishee order was issued on March 16, 2018.  Pang received $9,605 from First Hawaiian Bank on March 21, 2018.

On March 7, 2018, Smith filed a motion to set aside the default judgment and stay the garnishments.  The motion was heard on March 27, 2018, after First Hawaiian Bank had complied with the garnishee order.[3]  The district court's minutes state:

> GENERAL DENIAL ENTERED BY THE COURT.
>
> BY ORDER OF THE COURT, DEFT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND STAY GARNISHMENT THAT WAS DENIED EARLIER IN THE DAY AT 8:30 AM IN COURTROOM 10B IS SET ASIDE AND IS NOW GRANTED.
>
> THE PLTFF NEEDS TO RETURN THE $9,605.00 THAT WAS ALREADY GARNISHED, BACK TO THE DEFT.
>
> DEFT GRANTED LEAVE TO FILE COUNTERCLAIM AND MUST DO SO BY 4/16/18.

Smith filed a counterclaim on March 29, 2018.  A pretrial conference was held on April 30, 2018.  Trial was set for May 17, 2018.  Pang did not order a transcript of the trial for the record on appeal.  The district court's minutes state:

---

[2]     The Honorable Michael K. Tanigawa presided.

[3]     The Honorable Hilary Benson Gangnes presided.

2

> AFTER TRIAL, COURT FOUND IN FAVOR OF PLTFF FOR $3,500.49[4] FOR CASE-IN-CHIEF; AND COUNTERCLAIM IN FAVOR OF COUNTER-CLAIMANT PLTFF FOR $9,605.00.
>
> THUS, [counterclaim] DEFT PANG OWES [counterclaimant] PLTFF SMITH THE PRINCIPAL OF $6,056.00 PLUS $65 FILING FEE.

The Judgment re: Counterclaim, for $6,121 in favor of Smith and against Pang, was entered on May 23, 2018. Pang filed a motion for reconsideration or new trial. The district court stamped "DENIED" and filed the motion on May 31, 2018. Pang submitted a second motion for reconsideration or new trial on June 1, 2018. The district court stamped "DENIED" and filed the motion on June 5, 2018. Pang filed a notice of appeal on June 15, 2018.[5]

Pang argues that the district court erred by denying his motions for reconsideration. We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. Gailliard v. Rawsthorne, 150 Hawai'i 169, 176, 498 P.3d 700, 707 (2021). A motion for reconsideration allows a party to present new evidence that could not have been presented during trial; it is not a device to present evidence that could have been offered at the trial. Id. at 180, 498 P.3d at 711. Pang's motions for reconsideration were based upon evidence that existed and could have been offered, but was not, at the time of trial. We conclude that the district court did not abuse its discretion by denying Pang's motions for reconsideration.

Pang argues that the district court "completely ignored the most crucial document in this case, namely [Smith's] Notarized Promissory [note], signed on September 23, 2017." A copy of the promissory note was attached to each of Pang's motions for reconsideration. The record does not show that Pang offered the promissory note as evidence during the May 17, 2018

---

[4]     This appears to have been a typographical error; the amount should have been $3,549 because 9,605 - 6,056 = 3,549.

[5]     Smith has not appeared in this appeal or filed an answering brief.

trial.  If he did, the record does not show whether the district court admitted or excluded the evidence.  Absent a transcript of the trial (which Pang did not order for this appeal), we cannot conclude that the district court clearly erred in its review of the evidence.

Pang argues that he first discovered Smith's trial Exhibit A on September 7, 2018, three months after the trial.  Pang "believes this evidence is what tipped the scale of justice to favor [Smith]."  The record shows that Smith's Exhibit A was received by the district court clerk on May 17, 2018 (the date of the trial).  The district court minutes state that Smith's Exhibit A was admitted into evidence without objection.  The record does not show error by the district court.

For the foregoing reasons, Pang has not established reversible error by the district court.  The Judgment re: Counterclaim entered by the district court on May 23, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, February 22, 2023.

On the brief(s):

Robert C. Pang,
Self-represented
Plaintiff-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge